## A. L. STEVENS v. THOMAS ABLE.

SET-OFF; *Unliquidated Demands, arising Ex Contractu.* In this state, any cause of action arising from contract, whether it be for a liquidated demand, or for unliquidated damages, may constitute a set-off, and be pleaded as such in any action founded upon contract, whether such action be for a liquidated demand, or for unliquidated damages.

### *Error from Jackson District Court.*

ACTION by *Able* to recover a balance of $100 due him upon the sale of certain cattle. *Stevens* filed a bill of particulars, alleging as a defense, by way of set-off, "that on or about the 24th of February, 1873, he purchased of *Able* a certain lot of hogs, to be not less than fifty nor more than fifty-five; that said contract was in writing, signed by *Able;* that at the same time *Stevens* paid to *Able* upon that said contract and purchase, $25; that the hogs were to be delivered by *Able* to *Stevens* in May 1873, at such time as *Stevens* might deem proper to receive them, at the weighing-scales of A. G. Campbell, near Circleville; that *Stevens* was to pay *Able* for the said hogs upon delivery three cents per pound gross; that on or about the 27th of said May *Stevens* demanded the hogs of *Able*, and requested him to deliver them as per contract, which *Able* refused to do," for which *Stevens* claimed $150 damages. The district court, at the April Term 1874, refused to hear any testimony in support of this claim, and gave judgment in favor of *Able*. *Stevens* brings the case here on error.

*J. H. Keller*, for plaintiff in error:

The code permits a cause of action arising on contract to be set-off, without distinguishing between the kind or nature of such cause of action. It cannot be the intention of the code to allow a plaintiff to set up two or more causes of action in his petition, and then confine a set-off to a limited class of contracts. (Code, §§ 94, 96, 98.) The language of the code includes, as matters of set-off, every kind of cause

of action, liquidated and unliquidated, which can arise upon contract; and there seems to be no good reason for limiting its operation to liquidated damages, so long as the statute does not so provide. 1 Nash's Pl. and Prac., 720; 22 Ohio St. 297. The manifest policy of the code is to obviate such circuity, of actions, for it provides, (§ 96,) if the defendant omit to set up a counterclaim or set-off he cannot recover costs against the plaintiff in any subsequent action therein. It is the only manner in which the spirit of the statute can be made available without another action. 20 Ohio St. 38, 54.

*W. H. Dodge*, for defendant in error:

Plaintiff in error does not seem to discriminate between a counterclaim and a set-off. In his bill of particulars he calls the matters which he sets up as a defense, a "set-off, or counterclaim." A counterclaim is defined by § 95, and a set-off by § 98 of the code. The mere calling of the facts set up as a defense, one or the other, will not make them so. The pleading filed by Stevens was not a counterclaim, because it did not arise out of the contract or transaction set forth in the petition as a foundation of plaintiff's claim, or connected with the subject of the action. If it had, it would have been good, whether the damages claimed were liquidated, or unliquidated. But plaintiff in error now claims that it is purely a "set-off" which he pleads. A set-off is allowed only when the demand to be set-off is liquidated, or capable of being ascertained by calculation. Sedg. on Dam. 502; Waterman on Set-off, 328, 333; Barbour on Set-off, 76; 3 Hill, 171.

Unliquidated damages claimed have never been permitted to be set-off, unless expressly allowed by statute. Sedg. on Dam. 488; 13 Wend. 139, 156; 2 Cowen, 140; 10 S. & R. 14; 9 Peters, 319; 6 Cowen, 613; Waterman on Set-off, 147, 333. "It is now believed that set-off must be limited as *heretofore*, when the sum claimed constitutes a *liquidated* demand." 1 Nash Pl. 721.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally in a justice's court by Able against Stevens. Each party filed a bill of particulars in the justice's court. Each set forth in his bill of particulars a cause of action in favor of himself, and against his adversary, and arising out of and founded upon contract. Able however claims that the cause of action set forth in his bill of particulars was for a liquidated demand, and that the cause of action set forth in Stevens' bill of particulars was for unliquidated damages. We shall decide the case upon the theory that this claim of Able is correct. Able further claims that because Stevens' cause of action is for unliquidated damages it is therefore not the subject of set-off in this action. The case was tried before the justice — judgment rendered therein — and then appealed to the district court. The case was again tried in the district court. There the court refused to permit the defendant Stevens to prove his cause of action on the ground that it was not the subject of set-off. We think the court erred. In this state any cause of action arising from contract, whether it be for a liquidated demand, or for unliquidated damages, may constitute a set-off, and may be pleaded as such in any action founded on contract, whether such action be for a liquidated demand, or for unliquidated damages. (Civil Code, §§ 94, 98.) While it is not clear beyond all possible doubt, that this is the meaning of our statutes, yet we think that this is the clear import of the same. They provide that, "The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both." (Code, § 94.) And, "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of a court." (Code, § 98.) We suppose that there can be no question as to the applicability to this case of these provisions of the code, although the action was commenced in a justice's

court. (Justices Act, § 185.) The construction that we have given these statutes is in accordance with the entire spirit of the code, which attempts as far as possible to have all matters of -controversy between the - litigating parties determined in one action. A plaintiff may now join in one action as many causes of action as he may have, whether legal or equitable, or both, where they all arise out of contracts, either express or implied, and whether they are for liquidated claims, or unliquidated damages, or for something else. (Code, § 83.) We suppose that every lawyer knows that there was no such thing as set-off at common law, and that the whole subject is now governed by statute.

The judgment of the court below will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.