## MARTIN L. READ v. NATHAN K. JEFFRIES.

1. SET-OFF; *Judgment.* A judgment can be pleaded as a set-off in an action founded upon contract, and although such action be for unliquidated damages.

2. ——— A personal judgment against two parties is a joint and several obligation, and an action can be maintained upon it against either of the judgment-debtors separately, and it can in like manner be used as a set-off against either.

### *Error from Cowley District Court.*

ACTION by *Jeffries* to recover a balance of $59.37 and interest, alleged to be due for work and labor. On appeal to the district court the case was referred to T. H. S. for trial. The referee found the plaintiff's claim was just, and that *Read* had a legal set-off amounting to $22.60. The record

[* THIS opinion did not come to the hands of the Reporter until the former decision (*ante,* pp. 277, 282,) was printed.—REPORTER.]

shows that on the trial *Read* offered in evidence the docket of a justice of the peace showing a legal and unsatisfied judgment in *Read's* favor against *Jeffries* and another, which judgment was so offered by *Read* as a further set-off against plaintiff's claim, and that the referee refused to admit the docket, or to allow said judgment in stating the account between the parties. Exceptions to the referee's report were duly filed. Other facts are stated in the opinion. The district court at the October Term 1874 overruled all the exceptions, and confirmed the referee's report, giving judgment in favor of *Jeffries* for $29.43, and costs; and *Read* brings the case here on error.

*Pryor & Kager*, for plaintiff in error.

*L. J. Webb*, and *D. A. Millington*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: During the year 1873 Read was the owner of a lot in Winfield, upon which he was putting up a bank building. The carpenter work was let by contract to one Tansey. Jeffries was employed by Tansey, and did work under him upon the building. When the building was completed there was a balance still due Jeffries for his work. For this balance he was proposing to file a lien, but desisted upon the statement of Read that another party had filed a lien, and his promise that he would make that a test suit, and if compelled to pay that claim would pay Jeffries his. Read adjusted that claim without suit, and paid a reduced amount in settlement of it. Thereupon, the time to file a lien having expired, Jeffries brought his action to recover the amount due for his work.

We see no error prejudicial to the plaintiff in error in the various rulings complained of except in the one matter of a set-off. Read proposed to set off against the plaintiff's claim a judgment in his favor and against plaintiff and Tansey. This was disallowed, and in this we think was error. The judgment was a proper matter of set-off. An action can be

maintained on a judgment, and *e converso*, it can be set up in an answer and used as a defense. *Burnes v. Simpson*, 9 Kas. 658. Though the judgment was against two parties an action could be maintained upon it against either of the judgment-debtors, and in like manner it could be used as a set-off against either. Gen. Stat., p. 183, §§ 1 and 4. Counsel contends that the action was one for unliquidated damages for breach of a contract, and that therefore no judgment could be made a set-off. But the contrary has already been decided by this court. *Stevens v. Able*, 15 Kas. 584; Pomeroy on Remedies, §§ 798, 799. For this error the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.