SETH E. PECKER & others *vs.* ELEANOR H. SILSBY.

Suffolk.　March 29.— July 3, 1877.　AMES & LORD, JJ., absent.

A mortgage of personal property from A. to B., expressed to be "subject to prior mortgages" to a certain amount to C., the amount and terms of which are known to B., conveys only the right to redeem the property from C.'s mortgage, and although recorded first, does not take precedence of C.'s mortgage.

REPLEVIN of chattels alleged .to belong to Seth E. Pecker, Frank O. Dame and John H. Swasey. Writ dated June 23, 1875. At the trial in the Superior Court, before *Dewey*, J., the following facts appeared:

J. H. Silsby, on September 10, 1872, was owner of the property in question, and on the same day sold it to Flack & Finlay, and received back from them in part payment a mortgage to him to secure $8000, according to four notes for $2000 each, dated September 7, 1872. None of these notes were paid. This mortgage was duly recorded on September 10, 1872. Silsby died on August 2, 1874, a short time before the last of the above named notes fell due, and his wife, the defendant, was appointed executrix of his will on September 1, 1874.

On October 24 or 26, 1874, Flack & Finlay, then being the· owners of all the personal property, subject to the mortgage aforesaid, gave a new mortgage, dated October 26, 1874, to the defendant, to secure the same debt as the old one, according to two notes of $4000 each, payable in six and twelve months respectively, and either on October 24 or 26, 1874, the defendant gave up to Flack & Finlay the old notes given to her husband and received the new notes and the mortgage to her.

On October 26, 1874, after the new mortgage and notes were delivered to the defendant, Flack & Finlay executed and delivered a bill of sale of the property to Pollard & Bliss, who took possession of it on October 27, 1874.

Pollard & Bliss, on October 27, 1874, in consideration of money advanced to them, executed two mortgages upon the property to the plaintiffs, one to Seth E. Pecker and Frank O. Dame, copartners under the style of Seth E. Pecker & Co., and one to John H. Swasey, both of which were delivered and recorded on the same day, and recited that they were subject

to " prior mortgages to the amount in all of eight thousand dollars."

Pollard & Bliss, when negotiating with Flack & Finlay for the purchase of this property, understood that it was subject to a mortgage for $8000, belonging to the defendant, and, at the request of Pollard & Bliss, Flack & Finlay had procured the defendant either to extend the time of this mortgage or to renew the mortgage, so that the time of payment of the $8000 should be one half in six months and one half in twelve months.

It was known to the plaintiffs, at the time they took their mortgages, that there was a prior mortgage or prior mortgages on the property held by the defendant to secure $8000, but it was in dispute whether they knew this mortgage or one of these mortgages was a mortgage for $8000, payable one half in six months and one half in twelve months, and the question was submitted to the jury, who answered in the affirmative.

The defendant recorded her mortgage on October 31, 1874, after the mortgages to the plaintiffs were recorded, and at the same time discharged, but still retained possession of, the first mortgage to her husband.

After Pollard & Bliss took possession of the property, neither of the notes given to either of the plaintiffs or to the defendant was paid.

The defendant took possession of the property on June 22, 1875, and the plaintiffs sold it on June 23, 1875, under the power of sale contained in their mortgages, having previously taken possession under their mortgages on May 26, 1875, and bid off the property themselves, the defendant claiming title thereto at the time of the sale.

There was no evidence that either of the plaintiffs had ever examined the records of mortgages, or had ever seen either of the mortgages held by the defendant, but there were in fact no other prior mortgages upon the property except the two hereinbefore mentioned, both of which the defendant held, the first as executrix of the will of her late husband, and the second, which ran directly to herself, she being entitled thereto under the will.

The plaintiffs contended that, by reason of the fact that their mortgages were recorded before the mortgage to the defendant, dated October 26, 1874, they had priority of title to the prop-

erty on the facts above stated. The defendant contended that on these facts she had the better title, and, being in possession, had the better right of possession.

By the consent of the parties, the judge reported the case, upon these facts and the finding of the jury, for the determination of this court.

If the plaintiffs could maintain this action, judgment was to be entered for them and one dollar damages; otherwise, judgment for the defendant and a return of the property, the damages to be assessed by an assessor.

*R. M. Morse, Jr.*, for the plaintiffs.

*W. A. Field*, for the defendant.

MORTON, J. This case is governed by *Howard* v. *Chase*, 104 Mass. 249. The mortgage of Pollard & Bliss to the plaintiffs conveyed the personal property named therein " subject to prior mortgages to the amount in all of eight thousand dollars." The only existing prior mortgage was the one under which the defendant claims, and the amount and terms of this mortgage were known to Pollard & Bliss and to the plaintiffs. It was clearly the intention of Pollard & Bliss to sell, and of the plaintiffs to buy, the right of redeeming the defendant's mortgage, The plaintiffs took only what was conveyed, a right to redeem, and their mortgage, though recorded first, does not take precedence of the mortgage to the defendant.

*Judgment for the defendant.*