Martin, J.
Needham & Son, the plaintiffs in error, were plaintiffs below. The action in the common pleas was on an account to recover from defendant’s intestate the price of two organs sold him on the 2d day of October, 1875. The defendant, admitting the claim made in the petition, set up in his answer a cause of action for a sum greater than the plaintiff’s demand, arising upon an alleged breach of warranty made in the sale of two other organs, by them, to said intestate, on the 1st day of July, 1875. The warranty, it is alleged» was that the organs were of good quality and workmanship, and would in use remain in good condition for five years. It was also averred in the answer that the plaintiffs knew that said representations, when made, were false, and that they were made to defraud the defendant, who relied upon them, and was deceived and defrauded thereby. To this answer the plaintiff interposed a general demurrer, which was overruled by the court, and an exception noted. On error to the district court, the judgment was affirmed.
The question for our decision is, Did the court of common pleas err in overruling the demurrer?
We think the court did not err. The claim of the plaintiffs is that the cause of action stated in the answer is not a counter-claim, for the reason that it does not arise out of the contract named in the petition, nor is it connected therewith. To this we assent. Their further claim is that it is not a set-off, because it sounds in tort; and, if that be untenable, that it is upon contract for unliquidated damages. The allegations of fraud and deceit are sufficient, without the warranty, to constitute a cause of action in tort. And the averments of warranty and breach, separately taken, would constitute a good cause ea'.-contractu. These statements were blended in a single count, and in fact are not inconsistent. That is to say, fraud may, and frequently does, accompany a warranty.
*189 As a set-off, the pleading was good only on the theory that it was founded on a contract. No motion'to strike out, or to separately state and number, or to elect, was made. Plaintiffs relied solely on a general demurrer. If the evidence on the trial showed a mere case of tort, there was a total failure of proof. If, however, it made out the case of warranty and breach, the set-off was maintained. The testimony is not exhibited in the record, and we must presume that it authorized the judgment.
Is the set-off of our statute limited to’liquidated demands?
On this subject there is a diversity of opinion.
In Kentucky, Nebraska and Kansas the code definition is identical with ours. In Kentucky and Nebraska it is authoritatively settled that it is limited to liquidated demands ; whilst in Kansas, it is held to include claims for unliquidated damages. Shropshire v. Conrad, 2 Met., 143; Beyer v. Clark, 3 Neb., 161; Stevens v. Able, 15 Kan., 584. In Fuller v. Steigley, 27 Ohio St., 355, Johnson, J. remarks, obiter: “ The set-off allowed by the code, instead of being limited as formerly to liquidated demands, extends to any cause of action founded on contract or ascertained by the decision of the court.” To the same effect is the opinion of Judge Swan — an authority on such subjects. Swan’s Treatise, 801 note.
Our statutory definition is this:
See. 5075. “A set-off'can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court.”
The former act (Feb. 19th, 1824, Swan’s St., ed. 1841, p. 850), which was repealed by our code, defined a set-off as “ any debt, contract, book account, or other liquidated demand ” — clearly limiting it to liquidated demands. No express limitation is found in the section of our statute above quoted. The.simple requisite is, that it be “a cause of action arising upon-contract.” The difference between the two acts is significant and intended. The intention, it seems to us, was to make the set-off as comprehensive as *190 the causes in the petition to which it may bs plead; — to embrace .every right of action on contract, express or implied, and whether it be a liquidated demand or for unliquidated. damages. The scope of the counter-claim, and the liberal provisions for joinder of actions, and indeed, the entire spirit of the practice act, show that one of its great objects was to enable and require parties, as far as practicable, to submit all their controversies for adjustment in a single action. It cannot be said that the position we have taken is impolitic and inconvenient in practice, for a plaintiff may, in bis petition, join as many actions on contracts as he may have, whether the3r be liquidated or not.

Judgment affirmed.