## WILLIAM L. CHALLISS v. MAMIE A. WYLIE.

1. EMBEZZLEMENT; *Waiver of Tort; Set-Off.* Where the agent or clerk of a principal is guilty of the embezzlement of his principal's goods, the principal may waive the tort if he chooses, and treat his cause of action against his agent or clerk as one arising upon an implied contract; and if the agent or clerk is the owner of a note executed by the principal, in an action thereon the principal may plead as a set-off to the note the value of his goods embezzled and converted to his own use by his agent or clerk.

2. SET-OFF, *Striking Out, Not Material Error.* An action was brought by the wife of W. upon a promissory note payable to her order. The defendant alleged in his answer that the wife was not the real party in interest, but that the husband furnished the consideration of the note and was the owner thereof, and also alleged a set-off existing in favor of the defendant against the husband for a sum exceeding the amount of the note. Upon motion of the wife, the set-off was stricken out. The other allegations in the answer were permitted to stand. The case was tried by the court, without a jury, and the court found that the plaintiff was the real party in interest, and thereon rendered judgment against the defendant. *Held*, That although the district court committed error in striking out the set-off, the error, under the findings, cannot be said to be material, as it did not affect or prejudice in any way the substantial rights of the defendant.

*Error from Atchison District Court.*

ACTION brought September 22, 1884, by *Mamie A. Wylie* against *W. L. Challiss*, to recover $1,500 and interest upon a promissory note, of which the following is a copy:

"$1,500. ATCHISON, KANS., Feb. 15, 1883.

"One day after date, I promise to pay to the order of Mamie A. Wylie the sum of fifteen hundred dollars, for value received, to bear ten per cent. interest per annum from date; if the interest is not annually paid, to become as principal and bear the same rate of interest; payable without defalcation or discount. And I do hereby relinquish and waive all rights to the benefit of all laws in force in this state exempting personal property from levy or forced sale on any judgment, execution or attachment, or other legal process in the collection of the above debt, with five per cent. per month for damages if collected by attorneys.

[Signed] W. L. CHALLISS."

Indorsements on said promissory note as above described:
"Pay to the order of A. M. Wylie.—Mamie A. Wylie; A.
M. Wylie."

On December 1, 1884, the defendant filed an answer, al-
leging, among other things, that the plaintiff was not the real
party in interest, and setting up that she never had any inter-
est in the note, but that it was put in her name by R. W.
Wylie, her husband, the real party in interest, as a part of a
fraudulent scheme to secure the confidence of the defendant,
then his employer, and thereunder to frauduently appropriate
defendant's goods in his care as such employé to his own use;
that thereby the defendant was defrauded by said R. W. Wylie
of his goods to the amount of $2,000; that said R. W. Wylie
was otherwise insolvent, and the defendant had no other rem-
edy than by counterclaim in such action against R. W. Wylie,
the real and only party of adverse interest to the defendant.
The defendant also asked to have R. W. Wylie made a party
to the action, and thereon that the pleadings be reconstructed
to join issue upon defendant's claim, to the end that R. W.
Wylie should be adjudged the real holder of the note and de-
fendant's rights against him determined.

Upon plaintiff's motion to strike out, as not constituting
any defense and as irrelevant and redundant, the said answer,
the court sustained the motion in part, and struck therefrom
all the allegations concerning the alleged counterclaim or set-
off.    Thereupon the plaintiff filed her motion for judgment on
the pleadings, which was overruled, and the case was tried
March 13, 1885, by the court, a jury being waived.    The court
made and filed the following conclusions of fact:

"1. On February 15, 1883, the defendant made and de-
livered his promissory note, payable to the order of the plain-
tiff, a true copy of which is attached to the plaintiff's petition
as Exhibit A.

"2. Said promissory note was afterward indorsed by the
plaintiff as follows: 'Pay to the order of A. M. Wylie.
(Signed) Mamie A. Wylie.'    And said A. M. Wylie after-
ward indorsed said note in blank, as follows: 'A. M. Wylie.'

"3. At the commencement of this action the plaintiff was,

and ever since said time has been, the indorsee and holder of said promissory note under said indorsement in blank."

And thereon the court filed the following conclusions of law:

"1. The plaintiff is entitled to a judgment against the defendant for the sum of $1,500, together with interest thereon from February 15th, 1883, at the rate of ten per cent. per annum, being in all the sum of $1,811.

"2. The plaintiff is entitled to a judgment against the defendant for costs of suit."

The defendant excepted to each conclusion of fact and law, and subsequently filed a motion for a new trial, which was overruled. The court rendered judgment in favor of the plaintiff and against the defendant for the sum of $1,811, together with all costs. The defendant excepted to the rulings and conclusions of the court, and also to the judgment rendered, and brings the case here.

*W. W. Guthrie*, for plaintiff in error.

*Smith & Solomon*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: We think the trial court committed error in striking out of the answer of Challiss his set-off against Robert W. Wylie for the sum of $2,000. In this state, any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off and be pleaded as such in any action founded upon contract; and a cause of action founded upon an implied contract may be pleaded in set-off as well as any other cause of action. Even where a cause of action is founded upon a tort, a party may waive the tort if he choose, and treat his cause of action as one arising upon an implied contract. Wherever a person commits a wrong against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrong-doer to pay to the party injured the full value of all benefits resulting to such wrong-doer. And in

1. Embezzlement; waiver of tort; set-off.

such a case the party injured may elect to sue upon the implied contract for the value of the benefits received by the wrong-doer. (*Stewart v. Balderston,* 10 Kas. 142; *Stevens v. Able,* 15 id. 584; *Read v. Jeffries,* 16 id. 534; *Tightmeyer v. Mongold,* 20 id. 90; *Fanson v. Linsley,* 20 id. 235.) The answer of Challiss alleged that Mrs. Mamie A. Wylie, the plaintiff, was not the real party in interest; that the consideration of the note sued upon was furnished by Robert W. Wylie, and that he was the actual owner of the note. If this was true, Challiss had the right to plead and establish his alleged set-off.

The material question in the case is, conceding the error of the court in striking out portions of the answer, was this error a material one; that is, did it affect or prejudice in any way the substantial rights of Challiss? After the trial court had sustained the motion of Mrs. Mamie A. Wylie to strike from the answer the alleged set-off of Challiss against Robert W. Wylie, there still remained in the answer the allegations that the plaintiff was not the real party in interest, as the owner of the subject-matter in controversy; that she was not entitled to make any claim of ownership to the note sued on, or any part thereof; but that, on the contrary, the entire consideration of the note at the time of its execution belonged to Robert W. Wylie; that he then had the consideration of the note in his possession and under his control, and was the actual owner thereof.

The action was tried, with consent of all the parties, by the court, without a jury. In support of the allegations of the answer, Challiss testified that in the month of May, 1884, after the execution of the note, he had a conversation with Mrs. Mamie A. Wylie concerning her knowledge and interest in the same; that she told him that she didn't know anything about the note, and had never seen it. Robert W. Wylie testified, in rebuttal, on the part of Mrs. Mamie A. Wylie, that he acted as agent for his wife when he took the note from Challiss; that the money for which the note was given was in the bank at the time of its execution, in his own name; that

he drew his individual check therefor, and had it transferred to the account of Challiss; that he counseled with his wife before he loaned the money; and that he made the note payable to her. It was also shown that the note was subsequently indorsed as follows: "Pay to the order of A. M. Wylie. (Signed) Mamie A. Wylie." Subsequently, it was indorsed with the name of "A. M. Wylie." The trial court rendered judgment for Mrs. Mamie A. Wylie against the defendant for the full amount of the note, with interest and costs.

The special findings of fact made by the court in no way conflict with the conclusion of law and the judgment rendered. Upon the findings of fact and the judgment rendered, it is clear that the trial court found that Mrs. Mamie A. Wylie was the real party in interest, and entitled to recover. Therefore, upon the evidence, the court found as a fact that the allegations of Challiss in his answer were not true. One of the findings of fact is, "that at the commencement of the action the plaintiff was, and ever since said time has been, the indorsee and holder of the promissory note sued on." Now the possession of a note, where the note itself and the indorsements thereon do not show who the owner is, is *prima facie* evidence that the person in possession is the owner and has good title to it. (*Eggan v. Briggs*, 23 Kas. 710.) If Challiss had been successful in showing that Mrs. Mamie Wylie was not the owner of the note, and therefore not the real party in interest in the action, the error of the trial court in striking out his alleged set-off would have been material and prejudicial. As the court, however, found otherwise, we can see no reason for disturbing the judgment rendered. It is admitted that the note was payable to the order of Mrs. Mamie A. Wylie; that Challiss knew this at the execution of the same. At that time it does not appear that Robert W. Wylie was indebted to any person. Even, therefore, if the money for which the note was given was the individual property of Robert W. Wylie, he had the lawful right to give it to his wife. If thereafter, and before the wrongs committed by Robert W. Wylie, the wife became

2. Striking out set-off, not material error.

the holder and owner of the note by gift of her husband, her ownership in the same was as full and complete as if she furnished her own money for the consideration of the note. It appears from the evidence that she must have seen and known of the note, as she at one time indorsed it to A. M. Wylie. A. M. Wylie subsequently indorsed it, and the finding of the court is, "that at and before the commencement of the action Mrs. Mamie A. Wylie was the indorsee and holder thereof." If Challiss, at the execution of the note, had desired to protect himself against any misconduct of Robert W. Wylie as his manager or clerk, he might, if the parties had consented, have made the note payable to Robert W. Wylie only, and thereby rendered it non-negotiable. If at the time of the execution of this note, Robert W. Wylie had been contemplating and planning the embezzlement, which it is alleged he subsequently committed, it would seem that he might have more readily secured the confidence of Challiss by making the note negotiable and payable to his own order. He could then have transferred it to his wife or to any other *bona fide* holder, so as to be freed from any counterclaim or off-set of Challiss. Where a case like this is tried by the court without a jury, the court, in its discretion, may direct the manner in which evidence shall be received. For instance, in this case, if the alleged set-off of Challiss had not been stricken out, the court could have directed before hearing any evidence concerning the set-off, that it would hear first the evidence whether the plaintiff was the real party in interest; and if, upon the evidence submitted, the court was satisfied that the plaintiff was the real and only party in interest, it might then have refused any evidence to support the alleged set-off.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.