## MARY SMITH v. FRANK MCCARTHY.

1. TROVER — *Waiver of Tort — Suit on Implied Contract.* Where a person takes and sells the property of another, the owner may elect to waive the tort and sue upon the implied contract for the value of the same; and whether he has so elected, and the nature of the action brought, are to be determined by the court from the pleadings.

2. WAIVER OF TORT — *Construction of Pleadings.* In such a case, where the facts alleged indicate a waiver of the tort, and are sufficient to constitute a cause of action on contract, it should be so regarded although some words of the pleadings are adapted to an allegation in an action *ex delicto.*

3. PLEADINGS, *How Construed; Error in Excluding Evidence.* In determining the effect of pleadings, they should be liberally construed with a view to substantial justice between the parties; and the pleadings herein are examined and are held to state a cause of action *ex contractu;* and it is *further held,* that there was error in excluding evidence offered by the defendant to sustain the set-off which had been pleaded as a defense.

*Error from Atchison District Court.*

THIS was an action by *Frank McCarthy* against *Mary Smith,* to recover the sum of $350. The allegations of the petition are as follows:

"The plaintiff avers that on the first day of October, 1885, one Jerry McCarthy, being at that time indebted to this plaintiff in the sum of nine hundred and twenty-five dollars, made, executed and delivered to the plaintiff his certain chattel mortgage in writing, a copy of which, with all the indorsements thereon, is attached hereto, marked 'Exhibit A,' and made a part of this petition; that said chattel mortgage was forthwith, on the delivery of the same, deposited by the plaintiff in the office of the register of deeds of Atchison county, Kansas, where said chattel property was situated and the mortgagor resided; that on or about the 28th day of October, 1885, while said chattel mortgage was in full force and effect, of record, and unpaid, the defendant, by and through her duly-authorized and appointed agent, Ryan Smith, did take the fifty head of hogs mentioned and described in 'Exhibit A,' from the possession of the plaintiff mortgagor, Jerry McCarthy, without his consent, and without the consent of this plaintiff,

and did convert the same to her own use and benefit; that the value of said fifty hogs was at said time, and now is, the sum of seven dollars a head, all of said hogs being of the value of three hundred and fifty dollars; that the plaintiff has duly demanded from the defendant the said hogs and all of them, which demand was refused; and that he also demanded the value of said hogs, to wit, the sum of $350, of and from defendant, which demand has been refused; that the plaintiff has a special ownership in and to said hogs to the amount of $925, being the amount of the chattel mortgage hereto attached. Wherefore, the plaintiff prays judgment against defendant for three hundred and fifty dollars, and costs of this action."

The defendant in due time filed an answer, which contained a general denial of the allegations of the petition. She further alleged that she was entitled to the hogs under a chattel mortgage executed to her by Jerry McCarthy, upon the hogs and other property, to secure the payment of the sum of $1,300 which he owed to her, and which amount was still due and unpaid. She also stated that the mortgage to plaintiff had been fully paid, and that the plaintiff had received from Jerry McCarthy other property which was included in defendant's mortgage, sufficient in value to satisfy the plaintiff's mortgage debt. She further answered by alleging that plaintiff, Frank McCarthy, was indebted to her upon a promissory note executed August 1, 1882, by the plaintiff jointly with others, in which he promised to pay, one year after date, $370, with interest at 10 per cent. from date, and that the defendant is the owner and holder of the note, and that it is wholly due and unpaid. It was further alleged, by way of set-off, that the plaintiff is indebted to her in the sum of $253.49 upon a judgment rendered December 22, 1885, in her favor and against plaintiff, before a justice of the peace of Atchison county, and that the judgment is in full force, unpaid, and unsatisfied. There was another allegation, that the plaintiff is indebted to her in the sum of $177.50, upon a liability upon an injunction bond, given in another action. The answer concluded with a prayer that the defendant re-

cover from the plaintiff a judgment in the sum of $815.99, with interest and costs.

The reply of the plaintiff, in addition to a general denial, stated that in a former proceeding between the plaintiff and defendant to recover the possession of property included in the plaintiff's mortgage, the validity of the plaintiff's mortgage was sustained, and that of the defendant was held to be no lien or claim upon the property described in the plaintiff's mortgage. He also replied that the judgment mentioned in the defendant's answer had been fully paid and satisfied, and execution had been issued on the judgment, and that over $1,000 worth of personal property had been taken and sold to satisfy the judgment. He also alleged in his reply that the other demands and claims held by the defendant against the plaintiff had been fully paid and satisfied; and he further admitted the execution of the injunction bond, and alleged that the action in which the bond was given was pending and undetermined at the commencement of this action, and that no cause of action had arisen thereon before the commencement of the present suit.

A trial was had with a jury, on the 19th day of October, 1886. The defendant offered proof to sustain her claims and demands alleged by way of set-off to the plaintiff's cause of action, but the court rejected the testimony, and the defendant excepted. The trial resulted in a verdict and judgment in favor of the plaintiff for $300, and the defendant, as plaintiff in error, has instituted this proceeding to set aside and reverse the same.

*Jackson & Royse*, for plaintiff in error.
*Smith & Solomon*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The chief ground upon which a reversal of the judgment is asked, is the exclusion of the evidence which was offered to prove the several demands of Mary Smith, alleged as set-offs against the plaintiff's petition. Both parties

claimed a special ownership in the hogs — the value of which is in controversy here — under chattel mortgages alleged to have been executed about the same time; but it seems to be conceded that the mortgage given to Frank McCarthy is prior to that of Mary Smith, if the one under which she claims was ever executed. Notwithstanding the fact that McCarthy had the first and superior right to the hogs, Smith took possession of the same and sold them, without having the consent of either McCarthy or the mortgagor. For this taking and sale of the hogs, McCarthy was entitled to recover; and the result of this proceeding depends upon the nature of the action which he brought. If the action was one of tort for the conversion of the hogs, then no set-offs could be pleaded or proved by the defendant, and the ruling of the court in excluding the evidence to sustain the same was correct. It is well settled, however, that where one wrongfully takes and sells the property of another, the law implies a contract to pay for the same, and the owner may elect to waive the tort and bring an action on the implied contract, for the value of the property so taken and disposed of. (*Stewart v. Balderston*, 10 Kas. 142; *Tightmeyer v. Mongold*, 20 id. 90; *Fanson v. Linsley*, 20 id. 235.)

1. Pleadings— waiver of tort; action on contract. Whether the plaintiff below waived the tort and brought his action on the contract, is to be determined from the pleadings. The allegations contained in the petition and reply together, we think, characterize the action, and settle that it is *ex contractu*, instead of *ex delicto*.

2. Action on contract, not tort. The plaintiff stated such facts as were necessary to sustain an action for a recovery upon the implied contract which the law raises, and none indicating a purpose to rely on the tort, except in using the words, "did convert the same to her own use and benefit." The plaintiff alleges that he was the owner of the hogs, the character of the ownership, the taking of the same for the benefit of the defendant, that their value was $7 per head, and that all were of the value of $350, a demand for the value, and a refusal, and closes with a prayer for a recovery of the alleged value. There is no specific allegation of wrong or fraud, or of injury

to the plaintiff from the tortious taking. Neither does he allege or claim any damages by reason of the tort, but the amount which he claims is confined exactly to the alleged value of the hogs. The prayer of the petition also indicates an intention of the pleader to waive the tort and rely on the implied promise; and even the words quoted in regard to the conversion are not inconsistent with that form of action. They may be treated as surplusage, and do not necessarily fix the character of the action. As the law vests him with the election of the kind of action he shall bring, it devolved upon him to make his purpose plain by his pleadings, and not mislead the defendant. The defendant, as we think he had a right to, proceeded upon the theory that it was a cause of action *ex contractu,* and the plaintiff's reply shows more clearly perhaps than anything else, that he so treated and intended it. Instead of demurring to the several counts of the answer alleging the set-offs, he treated them as properly pleaded by replying that the obligation of the injunction bond had not accrued at the commencement of the action, that the judgment against him had been satisfied by the money derived from a levy on and sale of his property, and that the note and other demands set up in the answer had been fully paid and satisfied. It is clear from these allegations that at this time the plaintiff was proceeding upon the theory that the tort was waived, and the action was one upon the implied contract. We think under a fair interpretation of the pleadings, that the action is, and was intended to be, one on contract, and not on the tortious conversion of the property. (*St. L., Ft. S. & W. Rld. Co. v. Chenault,* 36 Kas. 51; *Conaughty v. Nichols,* 42 N.Y. 83; *Graves v. Waite,* 59 id. 159; *Austin v. Rawdon,* 44 id. 63; *Vilmar v. Schall,* 61 id. 564; *Greentree v. Rosenstock,* 61 id. 588; *Harris v. Todd,* 16 Hun, 248; *Gardner v. Risher,* 35 Kas. 93.)

This view of the pleadings is in accord with the general policy of the code that all claims existing between parties shall so far as practicable be settled in a single action, and conforms to that liberal and salutary

3. Construction of pleadings.

rule of the code to be applied in the construction of pleadings, which is calculated to do substantial justice between the parties expeditiously and inexpensively. (Civil Code, §115.)

The other errors assigned cannot be sustained; but for the exclusion of the testimony offered in support of the set-offs alleged in the answer, there must be a reversal of the judgment, and a new trial.

All the Justices concurring.