## COMER v. BOARD OF COMMISSIONERS OF MORGAN COUNTY.

[No. 4,315.    Filed February 23, 1904.]

COUNTIES.—*Officers.*—*Unlawful Allowances.*—*Recovery.*—A county may recover from an officer amounts unlawfully allowed him out of the county treasury which he accepted and converted to his own use.  *p. 478.*

SET-OFF AND COUNTERCLAIM. — *Conversion.* — *Contracts.* — *Officers.* — *Pleading.*—In a suit by a county against an officer "for the unlawful conversion of money" an alleged liability of the county to defendant arising from a breach of contract can not be pleaded as a set-off or counterclaim thereto.  *pp. 478, 479.*

COUNTIES.—*Clerks.*—*Fees and Salaries.*—A county clerk is entitled to his per diem for attending court in addition to his salary. *p. 479.*

From Johnson Circuit Court; *J. E. McCullough*, Special Judge.

Action by the Board of Commissioners of Morgan County against William A. Comer. From a judgment for plaintiff, defendant appeals. *Reversed.*

*R. M. Miller, H. C. Barnett, A. M. Bain* and *Oscar Matthews*, for appellant.

*G. W. Grubbs, B. K. Elliott, W. F. Elliott* and *F. L. Littleton*, for appellee.

ROBY, J.—Action by the board of commissioners of Morgan county against appellant to recover money alleged to have been received by him while serving as clerk of said county, and wrongfully kept and converted by him to his own use.

That the county may recover from the officer amounts unlawfully allowed him out of the county treasury, which he accepted and converted to his own use, is established. *Board, etc., v. Heaston,* 144 Ind. 583, 55 Am. St. 192; *State, ex rel., v. Flynn,* 161 Ind. 554.

Appellant's third paragraph of answer admitted the retention of the amounts as charged in the complaint, but averred that while still in office he entered into a contract with appellee by which he was to make certain indexes for the use of the office and the public, and that thereunder he did make and deliver indexes to the value of $1,500; that the indexes called for by said contract were worth to him $4,500; and that while he was fulfilling his contract the board of county commissioners rescinded the same, and refused to allow him to proceed further with his work, whereby he was damaged, etc. A demurrer to this pleading was sustained, and such action is assigned as error. The suit being in tort "for the unlawful conversion of money,"

the contract liability, if any, relied upon could not be used as a set-off or counterclaim thereto. *Lake Shore, etc., R. Co. v. Van Auken,* 1 Ind. App. 492; *Brower v. Nellis,* 6 Ind. App. 323; *Crowe v. Kell,* 7 Ind. App. 683; *Block v. Swango,* 10 Ind. App. 600.

A special finding of facts was made, and conclusions of law were stated thereon. A part of said finding was to the effect that appellant was clerk of said county from November 17, 1894, to November 17, 1898, and received the money referred to in the finding during such term. The total amount received by him was $20,566.95, of which he accounted for and turned over $17,303.08, leaving a balance of $3,263.87, made up of items and amounts allowed to him for purposes which are stated in the finding. Of this sum, $1,106 was allowed to him for his per diem on account of attending the circuit court during its sessions. Sixty-six dollars of said sum was allowed to him for making certificates of allowances to special judges during the term time of said court.

One of the conclusions of law was that appellee was entitled to recover $1,106 allowed appellant as per diem for attending court. This conclusion was incorrect, as declared by the Supreme Court since the case at bar was appealed. *Seiler v. State, ex rel.,* 160 Ind. 605; *State, ex rel., v. Flynn, supra.*

A further conclusion of law was that appellee was entitled to recover said sum of $66, received by appellant for making certificates of allowances for special judges as aforesaid. The general proposition is that a person who holds the office of clerk, receiving a salary for his services in that capacity, is not thereby precluded from recovering upon contracts made by him unofficially, and with regard to matters which are not included in his duties as such official, but official services are covered by the salary attached to the office, when some other statutory provision does not exist. *State, ex rel., v. Flynn, supra.*

If there is any statute authorizing appellant's claim for special compensation on account of the service indicated he should point it out. *Ellis* v. *Steuben County,* 153 Ind. 91. This he has not done.

The court further found for appellee as to a large number of items, apparently of an official nature, the details of which are set out in the findings. To examine all the statutes which have or might have a bearing upon these items would involve a large amount of labor, and, in the absence of assistance from counsel, be in the end of uncertain value. The well-settled rule that errors assigned and not discussed are thereby waived is therefore invoked, and dispenses with the necessity for further statement of facts found.

The first conclusion of law, relating to the per diem allowance as aforesaid, was incorrect. The other conclusions, in so far as they were in appellant's favor, are not challenged, and, in so far as they are adverse to him, no error is made to appear.

The judgment is reversed, with instructions to restate the first conclusion of law in accordance herewith, and for further consistent proceedings.