## NATION v. PLANTERS AND MECHANICS BANK.

No. 1081.    Opinion Filed November 14, 1911.

(119 Pac. 977.)

1. **CHATTEL MORTGAGES—Priorities—Notice.** One who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other mortgage or lien, is not the purchaser of the entire thing conveyed thereby; he purchases only the surplus or residuum after satisfying the other incumbrances, and is estopped to deny the existence of the prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed as required by the statutes.

2. **CONVERSION—Set-Off to Action Sounding in Tort—Claim on Implied Contract.** A claim or demand on an implied contract is not allowable to a defendant as a set-off in an action brought by a plaintiff sounding in tort for the conversion of goods by the defendant.

(Syllabus by the Court.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

Action by W. E. Nation against the Planters and Mechanics Bank. From the judgment, plaintiff brings error. Cross-petition by defendant. Affirmed.

*W. A. Smith,* for plaintiff in error.

*John H. Wright,* for defendant in error.

DUNN, J., This case presents error from the county court of Oklahoma county, having been begun on January 16, 1908, by

W. E. Nation, as plaintiff, against the defendant in error, to recover $350 damages for the value of two black mares alleged to have been converted by the defendant. The plaintiff claimed to own or have a special interest in the property by virtue of a certain chattel mortgage on the animals, executed October 5, 1907, by one W. H. West, and filed for record October 11, 1907. He alleged that while his mortgage was still unsatisfied, on or about the first of January, 1908, he found the animals mentioned at a sales stable and learned that the defendant was advertising said property for sale under a chattel mortgage which it claimed to hold on the same. Thereupon plaintiff caused a notice to be served on the bank that he claimed a first lien on the property and that he would hold the bank liable for conversion if it should sell the same. The bank proceeded, however, and sold the mares, taking the proceeds therefor. The defendant answered, alleging it held a prior mortgage covering the same property; that its mortgage bore the date of July 11, 1907, having been given by said West and one Phillips. Defendant also filed a cross-petition, asking judgment against the plaintiff and alleging that he had converted to his use two certain mules on which the defendant claimed a first mortgage, bearing the date of June 24, 1907. The case was tried to the court without a jury, which made certain findings of fact and conclusions of law, finding against plaintiff on its cause of action and rejecting the defendant's demands set forth in its cross-petition, on the ground that it was not a proper set-off to plaintiff's petition.

The mortgage given on the mares to the plaintiff contained in its body the statement that the same was "subject to the prior mortgage on same property for $1,300.00." Plaintiff filed his mortgage of record prior to any filing of the mortgage of the defendant and claims that he had no actual knowledge of the clause above quoted. The court found from the evidence that the mortgage to the bank was included in the sum of $1,300 mentioned. Counsel for plaintiff insists that under these facts plaintiff should have recovered; that the fact that his mortgage was

filed of record first and that he lacked actual knowledge of this particular clause in his mortgage relieved him of being chargeable therewith; and that, even though knowledge thereof might have been imputed to him, still it was insufficient to render his mortgage subject to the claims included in the $1,300. With counsel's contention in this regard we are unable to agree. The doctrine of notice, whether applied to mortgages of real or personal property, is the same. No distinction is made in the application of the doctrine between the two classes. Jones on Mortgages, sec. 308 (5th Ed.); Wade on Notice (2nd Ed.) sec. 77. This court, in the recent case of *Creek Land & Imp. Co. v. Davis,* 28 Okla. 579, 115 Pac. 468, held that the words "subject to contract" in the following line, "$235.00 (subject to contract) in hand paid," was sufficient, without actual knowledge thereof, to put a prudent man on inquiry which, if prosecuted with ordinary diligence, would have led to actual notice of the rights of the parties claiming under the said contract, and held a subsequent grantee bound by the notice therein given. Textwriters and courts, without dissent, seem to accept as the correct rule the doctrine that one who takes a conveyance, absolute or conditional, reciting that it is second or subordinate to some other mortgage or lien, is not the purchaser of the entire thing conveyed thereby, but that he purchases only the surplus or residuum after satisfying the other incumbrances, and that he is estopped to deny the existence of a prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed as required by the statutes. 2 Cobbey on Chattel Mortgages, sec. 1039; 5 Am. & Eng. Ency. Law, 1015, and authorities cited under notes 3 and 4; 6 Cyc. 1076, and authorities cited under n. 35; *Tolbert v. Horton et al.,* 31 Minn. 518; *Eaton v. Tuson,* 145 Mass. 218; *Pecker et al. v. Silsby,* 123 Mass. 108; *Young et al. v. Evans-Snyder-Buel Commission Co.,* 158 Mo. 395, 59 S. W. 113; *Ghio v. Byrne et al.,* 59 Ark. 280, 27 S. W. 243; *Flory v. Comstock,* 61 Mich. 522; *First Nat. Bank of Corning v. Reid et al.,* 122 Iowa, 280; *Citizens' Coal & Coke Co. v. Stanley,* 6 Colo. App. 181; *Wells,*

*Fargo & Co. v. Alturas Commercial. Co.,* 6 Idaho, 506; *Clapp Bros & Co. v. Halliday Bros.,* 48 Ark. 258.

The remaining proposition in the case is presented by the cross-petition of the defendant, wherein it brings for review in a cross-petition in error the action of the court in rejecting its set-off involved in its charge that plaintiff had converted a team of mules to which defendant had a prior claim. It will thus be noticed that the claims of both parties grow out of an alleged conversion of personal property, and the question presented for our consideration is, May one conversion be set off against another? Under our code any cause of action arising on contract, whether for a liquidated or unliquidated demand, may constitute a set-off and be pleaded as such in any action founded upon contract. *Challiss v. Wylie,* 35 Kan. 506. And it appears to be settled that whenever one party commits a tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply a contract on the part of the wrongdoer to pay to the party injured the damages which would be due thereunder. *Fanson v. Linsley,* 20 Kan. 235. And a cause of action founded upon such an implied contract may be pleaded in set-off as well as if the same were express. *Challiss v. Wylie, supra; Stewart v. Balderston,* 10 Kan. 142; *Stevens v. Able,* 15 Kan. 584.

At common law, where the form made clear the character of action brought, whether on tort or contract, it was not difficult to determine whether in conversion the pleader relied upon the damages for a breach of the implied contract or sued on account of the wrong committed. Under the reformed procedure, however, this is not always so easy of determination, for in the statement of all causes of action the facts constituting the same are pleaded, and in conversion these facts, whether the party relies upon the wrong done by the tort or the damages occasioned by the failure to comply with the terms of the implied contract, are the same, unless the pleader specifically states his election or in some other way indicates it. The principal difference would arise when the measure of damages was applied. "The

detriment caused by the wrongful conversion of personal property is presumed to be, first, the value of the property at the time of the conversion, with the interest from that time; or, second, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and, third, a fair compensation for the time and money properly expended in pursuit of the property" (sec. 2910, Comp. Laws Okla. 1909) ; while the measure of damages for a breach of an obligation arising from contract is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would likely result therefrom. Sec. 2888, Comp. Laws Okla. 1909. And in such cases if the cause of action as set forth is doubtful or ambiguous as to whether the allegations set out present an action in contract or tort, every intendment will be given to construe the cause as in contract and not in tort. 4 Ency. P. & P. 754, and authorities cited under n. 2; *Smith v. McCarthy,* 39 Kan. 308. And in order to determine the question of whether the action sounds in tort or contract, the measure of damages, the demand for judgment, and prayer may be consulted with a view of ascertaining and making the same certain. 4 Ency. P. & P. 754, and authorities cited under n. 1. With these rules in mind, therefore, we observe that plaintiff's petition sets forth and claims damages, not only for the value of the property taken, but for money properly expended in the pursuit thereof, as well as for attorney fees, and also specifically avers conversion of the property by the defendant, from which, in our judgment, plaintiff's cause of action is one sounding strictly in tort. The defendant's cross-petition, however, while charging plaintiff with converting the mules and some other items, prays judgment solely for the detriment proximately caused thereby, to wit, the value of the said property, and, in our judgment, it should be construed as sounding in contract and not tort. See *Smith v. McCarthy, supra.* This being true, the question presented is, May damages sustained by the violation of an implied contract

growing out of the appropriation of personal property be set off in an action brought to recover damages in tort for conversion of plaintiff's property by the defendant? Our statute, sec. 5634, Comp. Laws Okla. 1909, provides:

"The defendant may set forth in his answer as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both.

Paraphrasing the same, it would read: The defendant may set forth in his answer as many grounds of set-off as he may have; and, frankly, aside from the difficulties presented by the measure of damages noted above—and it does not appear to us that they should have been considered insurmountable—we can see no good reason why defendant's claim set forth in his cross-petition ought not to be allowed, except that the universal holding of the courts seems to be against it. 34 Cyc. 658, and authorities cited unded n. 12; Abbott's Trial Brief, sec. 477, and authorities cited under n. 1; *Hillman v. Edwards et al.* (Tex. Civ. App.) 74 S. W. 787; *Arthur et al. v. Sylvester et al.,* 105 Pa. 233; *Comer v. Board of Com'rs,* 32 Ind. App. 477; *Boil et al. v. Sims,* 60 Ind. 162; *Barrow v. Mallory Bros. & Co.,* 89 Ga. 76; *Goldberger v. Leibowitz,* 42 Colo. 99; *Caldwell v. Ryan,* 210 Mo. 17; *Smith v. McCarthy, supra; Stevens v. Able,, supra.*

It will, therefore, be seen that the conclusion to which we have come on both propositions is in accord with that of the trial court, and its judgment is accordingly affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., not participating.