No. 25,991.

J. B. JAMESON, *Appellant,* v. BEELER & CAMPBELL SUPPLY COMPANY, ELMER BEELER, and GEORGE TAME, *Appellees.*

SYLLABUS BY THE COURT.

ACTIONS—*Goods Wrongfully Taken—Waiver of Tort and Action on Contract.* When goods are wrongfully taken from the owner, and he waives the tort and sues for their value, as upon an implied sale on credit, he necessarily affirms the title to the goods to be in the taker, and he cannot maintain such an action against a *bona fide* purchaser from such taker.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 6, 1925. Affirmed.

*Thurman Hill,* of Independence, for the appellant.

*Chester Stevens,* of Independence, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order sustaining a demurrer to plaintiff's petition and rendering judgment for defendant in an action for the value of goods wrongfully taken from plaintiff.

The amended petition alleges, in substance, that plaintiff is engaged in the business of operating for oil and gas and that he was the owner of a quantity of described casing which was located on an oil and gas lease owned by him, and that on or about September 28, 1920, a person representing himself to be the plaintiff, "but in fact a person by the name of Blaine Barnes, stole said casing from said plaintiff" and hauled and delivered the same to defendant, "to whom the said Blaine Barnes sold said casing," and that the casing was of the reasonable value of $1,125. The action was filed more than two years, but less than three years, after the casing was taken. It was contended by the defendant below that the petition stated a cause of action in conversion and was barred by the two-year statute of limitation. (R. S. 60-306, ¶ 3.) Plaintiff contends that the petition stated a cause of action upon an implied contract, under the authority of *Smith v. McCarthy,* 39 Kan. 308, 18 Pac. 204, and allied cases, and therefore that the three-year statute of limitation applies. (R. S. 60-306, ¶ 2.)

For the purpose of this decision we shall assume, without carefully analyzing the question, that plaintiff's petition stated a cause of action on implied contract, and therefore was not barred at the

time it was brought. Defendant contends that when goods have been wrongfully taken from the owner and an action is brought upon an implied contract for their value, the plaintiff necessarily has waived the tort of the wrongful taking and has ratified the taking as a sale. The effect of this is to give the person who took the property title thereto, just as though the goods had been sold to him on credit, and that his sale of them to a *bona fide* purchaser passes good title to the goods. This position is well taken. In 1 C. J. 1040 the rule is thus stated:

"When one waives the tort and sues in contract he necessarily. waives the entire tort. . .. . Where a tort is waived and an action is brought in contract, the case is governed by the rules and principles applicable to the latter form of action." (See, also, note in 17 L. R. A., n.s., 280; *Terry v. Munger*, 121 N. Y. 161; *Roberts v. Moss*, 127 Ky. 657.)

In this case the suit is not brought against the original taker, as it was in *Smith v. McCarthy*, supra, but is brought against a purchaser from him. There is no allegation in the petition that the defendant in purchasing the property from Blaine Barnes was not a purchaser in good faith. It necessarily follows that the petition did not state a cause of action against the defendant, and that the demurrer to the petition was rightfully sustained.

The judgment of the court below will be affirmed.