## L. TIGHTMEYER V. J. L. MONGOLD.

TRESPASS; *When it Cannot be Waived, so as to Support an Action Ex Contractu.* A person whose crops have been damaged by the cattle or stock of another, cannot in the absence of proof of the latter's participation in the trespass, or that he received some benefit therefrom, and in the absence of a promise to pay for the same, recover the price and value of the crops damaged, in an action of contract. In such a case, the cause of action is one arising from tort, and not from contract, and must be sued upon as a tort.

### Error from Franklin District Court.

MONGOLD recovered judgment against *Tightmeyer*, at the November Term 1875 of the district court, and *Tightmeyer* brings the case here on error. The opinion contains a statement of all necessary facts and proceedings.

*Mechem & Mechem,* for plaintiff in error:

The district court erred in admitting over defendant's objection the proof of trespass. The court held the tort waived, and that assumpsit would lie for such demand with other claims on contract. But this was not a case in which trespass *could* be waived. The *only* case in which the tort can be waived, and assumpsit maintained, is where the defendant has sold the chattels and detains the product. 5 Pick. 285; 45 Me. 41; 43 N. H. 536; 17 Ala. 733; 13 Ill. 688; 22 Vt. 624; 3 Wis. 649; 2 Nev. 249; 12 Cal. 89.

*H. P. Welsh,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on account, tried before a justice of the peace, and brought to the district court by Mongold on appeal. In plaintiff's bill of particulars were the following items, among others: "October 1873, to cash, $19.00; July 1874, cutting 32 acres grass, $24.00; May 1874, 64 feet lumber, (wagon bed,) $1.60; June 1874, 65 feet lumber, pine, (wagon bed,) $3.25; October 1874,

potato crop, $15.00; December 1874, shocks of corn-fodder, $5.00." Other items were for labor, etc.; and the whole claim amounted to $109.55.

At the trial in the district court, when the plaintiff introduced his testimony as to the two items above named as for "potato crop" and "shocks of corn-fodder," it appeared that they were for *damages* done to his property by defendant's stock. There was no testimony tending to show that the defendant had promised to pay for the same, or had realized money, or money's worth, therefrom. The defendant objected that the testimony was irrelevant, and showed a misjoinder of causes of actions, some on contract, others in tort. The court overruled the defendant's objection, to which ruling the defendant duly excepted, and now brings the case here for review.

The question is presented, whether Mongold could waive the tort or trespass committed by the cattle of Tightmeyer to his personal property, and sue on contract? Could he elect between an action *ex delicto*, and one *ex contractu*, for the damages to his crops? It is a familiar rule of law, that a promise may be express, or implied. Whenever a promise is implied, and the consideration is sufficient, an action on contract may be maintained. The whole discussion of waiving the tort and suing on the contract is reduced to the single question, When is a promise implied by the law? "It is a principle well settled," says the court in *Webster v. Drinkwater*, 5 Greenl. 322, "that a promise is not implied against, or without, the consent of the person attempted to be charged by it. And where one is implied, it is because the party intended it should be, or because natural justice plainly requires it, in consideration of some benefit received." Within this rule, the weight of authority seems to be, that when goods or things have been wrongfully taken or converted, whether sold or disposed of, or not, by the wrongdoer, the tort may be waived, the transaction treated as a sale, and an action maintained upon the implied promise to pay the price or value of the goods. Pomeroy on Civil Remedies, §§ 567, 574;

*Putnam v. Wise*, 1 Hill, 240, and notes; *Berly v. Taylor*, 5 Hill, 584; *Gordon v. Bruner*, 49 Mo. 570. This doctrine is in consonance with reason and justice, and meets our approval. In such a case, the wrongdoer ought not to be permitted to say in defense, that he obtained the property wrongfully. But in our examination of authorities, we have found no case supporting the theory of the court below, that where damages have been committed by one's cattle to the crops or personal property of another, without the owner's participation in the trespass, or benefit therefrom, and in the absence of any promise, that the party injured in his property could waive the tort and recover his damages in an action on contract. That is this case. Therefore, when it appeared that the items in the account of Mongold charged as "potato crop" and "shocks of corn-fodder" were for damages done to his potatoes and corn by the stock of the plaintiff in error, and no promise to pay for the damage was shown, nor any participation by plaintiff in error in the trespass, or benefit to him, the district court should have sustained the objection to the evidence as irrelevant and incompetent. Its failure to do so was error. If the plaintiff in error had committed a willful trespass upon the land of the defendant in error by deliberately turning his stock thereon, in order that they might feed upon the potatoes and corn-fodder, the defendant in error, within the rule adopted in Wisconsin, might have waived the tort and sued upon an implied contract for the price and value of his potatoes and fodder. This proof was not made, and this case is not within that decision. *Worden v. Jones*, 33 Wis. 600. From the testimony, no implied promise was shown, and the transaction or trespass cannot be treated as a sale for which an action of contract, brought as upon an account for the value of the potato crop and corn-fodder, can be upheld.

The judgment must be reversed for the error committed in admitting incompetent testimony, prejudicial to the plaintiff in error, and the case will be remanded for a new trial.

All the Justices concurring.