### JOHN A. CHRISTY v. HARRIET JONES.

SET-OFF, *When Not to be Pleaded.* In an action brought before a justice of the peace to recover a balance due upon a book account, the defendant filed an alleged set-off "for damages to her crop by the stock of the plaintiff, in the sum of fourteen dollars." *Held*, That as the alleged set-off did not arise from any contract, express or implied, it could not be pleaded by the defendant as a set-off, or defense.

*Error from Allen District Court.*

THE opinion states the case.

*Knight & Foust,* for plaintiff in error.

*J. H. Fisher,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought before a justice of the peace of Allen county, by John A. Christy against Har-

riet Jones, to recover a balance due on a book account of seven dollars and eighty-five cents.  Harriet Jones filed the following answer, omitting caption :

"Now comes defendant, and admits that she is indebted to plaintiff in the sum of $7.85, as alleged in plaintiff's bill of particulars.  Defendant, further answering the plaintiff's claim, says : That said plaintiff is indebted to her for damages done to her crop by the stock of said plaintiff in the sum of $14; is also indebted to her for board of himself and man in the sum of $3; is also indebted to her for work and labor in the sum of $1.50.

"Wherefore, defendant prays that she may have judgment against him in the sum of $10.65, and costs of suit."  On margin : "Damages to wagon, $1.50."

Christy demurred to her item for damages to her crop by stock to the amount of fourteen dollars, which demurrer was overruled, plaintiff excepting.  Thereupon plaintiff filed his reply denying every material allegation contained in the answer, excepting the admissions thereof.  Upon the trial before the justice, Harriet Jones demanded a jury, which was called. The jury returned a verdict for the defendant, and assessed her recovery at $5.07.  Subsequently, judgment was rendered upon the verdict.  The plaintiff filed a motion to vacate the judgment, set aside the verdict, and for a new trial, which was overruled; and thereupon he filed his petition in error in the district court of Allen county, to review and reverse the proceedings of the justice of the peace.  A hearing was had upon the petition in error January 27, 1887.  The judgment of the court below was affirmed, with costs, to which plaintiff excepted, and brings his case here.

The justice of the peace should have sustained the demurrer to the item, "For damages done to her crop by the stock of the plaintiff, in the sum of fourteen dollars."  This item had no connection with the foundation or subject of the plaintiff's action; neither was the set-off a cause of action arising upon contract, or ascertained by the decision of a court.  (Civil Code, §§ 95–98; *Carver v. Shelly,* 17 Kas. 472; *Berry v. Carter,* 19 id. 135.)  It is not alleged, or claimed, that the plain-

tiff had promised to pay for the damages to the crop by his stock, or that he had realized any advantage or benefit therefrom. The item is founded purely and entirely upon a tort; and therefore the justice of the peace ought not to have received any evidence in support of the alleged damages; and the judgment based thereon was erroneous. (*Tightmeyer v. Mongold*, 20 Kas. 90.) Under the circumstances, the district court ought to have reversed the judgment upon the proceedings in error; and for its refusal so to do, the judgment of that court must be reversed.

It appears that the judgment before the justice of the peace was rendered on November 23, 1886. The plaintiff filed an appeal bond on November 26, 1886; but with the consent of the justice, withdrew the bond, as the case was not appealable under the law, and on the same day filed his motion for a new trial, which was within time. (Civil Code, § 308; Justices Act, §§ 110, 132, 185.)

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.