## THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. JOHN C. PHELPS.

### No. 131.

1. CONTRACT—*Cause of Action—Pleading.* Where the plaintiff has a cause of action on a contract, he must state the contract, and cannot properly state his cause of action without stating the contract.

2. TORT—*Implied Contract—Set-off.* Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, *imply* or presume a contract on the part of the wrong-doer to pay to the party injured the full value of all benefits resulting to such wrong-doer. And when the injured party elects to waive the tort, his cause of action may be used as a set-off. (*Fanson v. Linsley*, 20 Kan. 235.)

3. ———— *Contract—When not Implied.* Where one person commits a wrong or tort against another, without any intention of benefiting his own estate, and his own estate is not thereby benefited, the law will not imply or presume a contract on the part of the wrong-doer to pay for resulting damages; and such cause of action cannot be used as a set-off. (*Fanson v. Linsley*, supra.)

MEMORANDUM.—Error from Johnson district court; JOHN T. BURRIS, judge. Action by John C. Phelps against The Atchison, Topeka & Santa Fe Railroad Company for damages on account of delay in shipment of cattle. Judgment for plaintiff. Defendant brings the case to this court. Dismissed. The opinion herein, filed September 9, 1896, states the material facts.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*J. W. Parker,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: The plaintiff, as his cause of action, alleges that

"On December 20, 1890, the defendant, by and

through its duly authorized agent, H. L. Phillips, of Olathe, Kan., agreed to furnish a car and carry over its line of railroad, from Elizabeth station, Kan., to Kansas City, Mo., one car of cattle of 22 head, for plaintiff, on the night of January 1, 1891, in considereration of which the plaintiff agreed to pay defendant the sum of $10 ; that pursuant to such contract he drove the said cattle to the stock-yards at Elizabeth, on defendant's railroad, but that the defendant, well knowing that plaintiff intended to take said cattle to market at Kansas City, Mo., and market them on the morning of January 2, 1891, in disregard of its agreement so to do, failed, neglected and refused to provide the car for carrying said cattle, and failed, neglected and refused to carry said cattle to market to Kansas City, Mo., until the afternoon of January 2, 1891, too late for that day's market ; that by reason of said failure by defendant to transport said cattle he was compelled to leave said cattle in the stock-yards at Elizabeth for a long time, viz., 18 hours, whereby said cattle became bruised and injured and shrunken in weight, and greatly lessened in their market value ; that he was by reason of said failure put to great loss of time and caused great inconvenience and trouble in looking after said stock and marketing them on January 3, 1891, and expense in feeding them ; that by reason of the delay aforesaid, and defendant's failure to transport said cattle to market on the night of January 1, 1891, he was unable to market them until January 3, 1891, when the market price had greatly declined, and he was unable to get as much for his cattle on January 3 as he could have gotten on January 2, 1891, whereby he suffered great loss ; that by reason of the default of defendant, as aforesaid, he has been damaged in the sum of $90."

The defendant railroad company filed answer of—

" (1) General denial; and (2) for a second and further defense and counter-claim against said plaintiff, this defendant says : That said plaintiff, at divers times during the month of February, 1891, ordered from the agent of said defendant cars to be delivered

to him for the purpose of loading and shipment over the line of defendant's railroad, which said cars were duly delivered at the station requested for said purposes, but that plaintiff failed to use said cars, and this defendant says that the cars so ordered by said plaintiff for his use, which he failed to make use of, were maliciously ordered, for the purpose of damaging and injuring defendant's business, and without any intention to make use of the same for the shipment of property over the defendant's line of railroad; that by reason of said wilful and malicious action this defendant has been damaged in the sum of $125. (3) For a third and further defense and counter-claim against said plaintiff, this defendant says, that on or about the — day of March, 1891, plaintiff ordered a car to be loaded with live stock to be shipped over said defendant's line of railroad upon one of defendant's regular freight-trains; that said plaintiff, well knowing the time when said freight-train would be ready to receive and forward said car, negligently and wilfully delayed the loading of the same, for the purpose of causing injury and damage to said defendant, for the period of two hours after the time when said freight-train should have been permitted to continue its journey, thereby delaying the entire train for over two hours, to the damage of said defendant in the sum of $200.''

Defendant prayed judgment in the sum of $325 and costs.

To the second and third counts of this answer the plaintiff filed a demurrer, upon the following grounds: "(1) Because there is a misjoinder of causes of action in said answer; (2) because the alleged causes of action therein have not arisen on contract, nor have they been ascertained by the decision of a court; (3) because said causes of action sound in tort;" and, also, a motion to strike from said answer the second and third counts, for the reasons: "(1) Because the alleged causes of action therein set out are improper to be

set off in this action; (2) because the alleged causes of action therein have not arisen on said contract, nor have they been ascertained by the decision of any court."

The demurrer and motion were sustained by the court below.

No further answer was filed. Trial was had before the court and a jury, resulting in a general verdict for plaintiff in the sum of $39.45, upon which judgment was rendered. Defendant railroad company brings case here for review.

Paragraph 4177, General Statutes of 1889 (Code, § 94), provides, among other things: "The defendant may set forth in his answer as many grounds of defense, *counter-claim, set-off* and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

Paragraph 4178, General Statutes of 1889 (Code, § 95), defines a counter-claim, viz.: "The counter-claim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising *out of the contract or transaction set forth in the petition* as the foundation of the plaintiff's claim or connected with the subject of the action."

Paragraph 4181, General Statutes of 1889 (Code, § 98), provides: "A set-off *can only* be pleaded in an action founded on contract, and *must be* a cause of action *arising upon contract* or *ascertained* by the *decision of a court.*"

Do these defenses fall within the provisions of either of the sections we have quoted? We think not. The plaintiff sued on contract. The defenses attempted to be brought in are other distinct, separate transactions. Nor is it claimed that they arose out of the

same transaction as the plaintiff's cause of action, and
how they can be connected with the subject of the
action we are at a loss to understand. These defenses
are pleaded as torts. The gist of the second defense
is undoubtedly the " wilful and malicious " action of
plaintiff in ordering cars. The third is the wilful
negligence in delaying the road; that, by reason of
such action, the damages claimed occurred. There
is no allegation of the terms of any contract, nor of
any price or consideration; and we cannot believe that
the learned counsel who framed these pleadings had
at the time any idea or intention of declaring upon a
contract, or they certainly would have set forth its
terms. "Where a plaintiff has a cause of action on
contract, he must state the contract, and cannot prop-
erly state his cause of action without stating the con-
tract."

Neither of these defenses had any connection with
the foundation or subject of the plaintiff's action; nor
are they causes of action arising upon contract or as-
certained by the decision of a court, but are *ex delicto*.

But it is contended by plaintiff in error " that the
defendant could waive the tort and recover for the
breach of the contract." While that is true in some
cases, we do not think it applies to the case at bar.
It is a familiar rule of law that a promise may be ex-
press or implied. Whenever a promise is implied,
and the consideration is sufficient, an action on con-
tract may be maintained. This brings us to the
question, When is a promise implied by law?

"It is a principle well settled that a promise is not
implied against or without the consent of the person
attempted to be charged by it. And where one is im-
plied, it is because the party intended it should be, or
because natural justice plainly requires it, in consid-
eration of some benefit received." (*Webster v. Drink-*

*water*, 5 Greenl. 322; *Tightmeyer v. Mongold*, 20 Kan. 90.)

And we think. the test to be applied in order to determine whether the law will imply or presume a *contract* from the commission of a tort is: "Was the tort or wrong committed against the estate of another with the intention on the part of the wrong-doer of .benefiting his own estate, or was his estate benefited thereby?" By what process of reason can it be held that in this action the plaintiff intended to or did benefit his estate by "wilfully and maliciously" ordering cars "without any intention of making use of them," or by "negligently and wilfully delaying loading the same." The supreme court of this state has passed upon the question of waiver of tort in *Fanson v. Linsley*, 20 Kan. 235, and thus laid down the rule as to when it can be waived:

"Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, *imply* or presume a contract on the part of the wrong-doer to pay to the party injured the full value of all benefits resulting to such wrong-doer, and when the injured party elects to waive the tort his cause of action may be used as a set-off."

And also the rule when it cannot be waived:

"Where one person commits a wrong or tort against another without any intention of benefiting his own estate, and his own estate is not thereby benefited, the law will not imply or presume a contract on the part of such wrong-doer to pay for the resulting damages; and such cause of action cannot be used as a set-off."

We perceive no error in the action of the court in sustaining the demurrer and motion to strike out the second and third counts of the answer.

This brings us to the question presented by defendant in error.   With these defenses stricken out, has this court jurisdiction to inquire as to error alleged to have been committed upon the trial? This we are compelled to answer in the negative.   The amount in controversy would be the amount of the judgment rendered against defendant, $39.45, which is less than the jurisdictional amount, and it is not shown by the certificate of the trial judge that this is one of the excepted cases.

The case is therefore dismissed.

All the Judges concurring.