### STRINGER v. KESSLER.

No. 5745.   Opinion Filed February 29, 1916.
(155 Pac. 867.)

1. **ASSIGNMENTS—Claims Assignable—Breach of Contract.** A claim for damages arising from a breach of a contract for the sale of stock in a corporation is assignable.

2. **CORPORATIONS — Sale of Stock — Action on Purchase-Money Notes—Defense—Breach of Contract.** An answer which alleged that plaintiff made such a contract, and that the same was broken by him, causing damage to another, which claim had been transferred to the pleader before suit, stated a defense, and it' was error to sustain a demurrer thereto.

3. **PLEADING—Contract or Tort—Construction.** To determine whether a claim for damages is based upon contract or tort, it is proper to examine the pleadings and ascertain from the allegations and prayer thereof the relief sought, and every doubt will be resolved in favor of the contract and against the tort.

(Syllabus by Hooker, C.)

*Error from County Court, Cotton County;*
*Austin Akins, Judge.*

Action by Ed Kessler against George Stringer. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*H. W. Morgan, D. B. Madden,* and *W. A. Ruggles,* for plaintiff in error.

*Lon Morris,* for defendant in error.

Opinion by HOOKER, C. This suit was instituted by the defendant in error against the plaintiff in error to recover a judgment upon two promissory notes. The defendant below admitted the execution of the notes, but alleged that the same were executed and delivered to the plaintiff below as a part of the purchase price of certain stock in a hardware company sold by the defendant in error to one H. W. Davis, and that on or about the 17th day of August, 1910, the plaintiff below and said H. W. Davis entered into a written contract, whereby the said Davis bought 25-50 of the stock in said corporation at the net invoice of the assets of said corporation, and that the plaintiff below had represented to said Davis that said stock was worth par, or $2,600; that the said Davis relied upon the representations of the plaintiff as to the net assets of said corporation and paid to him the amount shown to be due by the invoice of the assets of said corporation, and a part of said consideration thus paid by Davis to the plaintiff was the execution and delivery

of the notes sued upon in this case. It is further alleged that the invoice thus made by the plaintiff showing the net assets of the corporation upon which the said Davis relied when he purchased the interest of the plaintiff in said corporation was not correct, in that the same showed net assets in excess of the true net assets to the extent of $2,134.94, and that by reason of this false statement as to the amount of the net assets the said Davis overpaid to plaintiff the sum of $1,111.06, and that the said plaintiff was liable to Davis for the return of said money, with interest thereon from August 17, 1910, the date the contract was made. It is further alleged that, as a part of said contract between the plaintiff and the said Davis, the said plaintiff agreed and guaranteed the payment of all notes and accounts then due said corporation to the extent of the interest sold and assigned by him to the said Davis, to wit, 26-50; that after the execution of said contract it was ascertained that $275 of the accounts due the corporation was worthless and uncollectible, and by reason of plaintiff's guaranty he is liable to the said H. W. Davis for 26-50 thereof, amounting to $135; and that by virtue of his contract there has been a breach thereof, whereby he is liable to Davis in the said sum of $135, and the further sum of $1,111.06 as stated above. It is further alleged that on the 11th day of June, 1912, at a time prior to the institution of this suit, the said H. W. Davis had sold and assigned to the plaintiff in error his claim for damages for violation of said contract against the defendant in error, and that the plaintiff in error was the owner and holder of same and entitled to plead it in bar of recovery upon said notes. The lower court held that this claim was not assignable and could not be pleaded as a defense to the notes sued upon, and rendered a judg-

ment in favor of defendant in error and against the plaintiff in error for the amount of said notes, with interest and attorney's fees, and to reverse said judgment an appeal is had to this court.

As we view this record, there is but one question necessary for us to decide, and that is whether or not, assuming the claim of H. W. Davis against the defendant in error to be true, it is such a claim as might lawfully and properly be assigned by him to the plaintiff in error, and, if so assigned, did it constitute a defense to the notes sued upon in this action?

By reference to the answer of the plaintiff in error as shown upon page 23 of the case-made, we find the following:

"Defendant further states that on the 11th day of June, 1912, and long prior to the bringing of this suit, the defendant herein, for a good and valuable consideration, purchased of and from the said H. W. Davis, his cause of action against the plaintiff herein for the breach of plaintiff's contract with him, the said Davis, in refusing to pay back the said sum of $1,111.06 and interest as aforesaid overpaid to plaintiff by the said Davis; and for plaintiff's further breach of said contract in failing and refusing to make good his said guaranty of the payment of the outstanding notes and accounts of said corporation; that defendant is now the owner of said cause of action of said H. W. Davis against said plaintiff. Defendant further states that no part of said $1,111.06 overpaid plaintiff by said Davis has ever been paid to the said Davis or this defendant, and there is now due this defendant on account of the breach of said contract the said sum of $1,111.06, together with interest thereon at 6 per cent. from August 17, 1910, until fully paid; that the notes and accounts due said corporation on August 17, 1910, the payment of which was guaranteed by said contract of plaintff

and which has never been paid and which cannot be collected, the debtors being insolvent, amount to the sum of $2.75; and that by virtue of said contract of plaintiff with said Davis there has been a breach thereof, and plaintiff is now indebted to the defendant in the sum of 26-50 thereof."

We quote from the pleadings in this case for the purpose of showing that it was the intention and aim of defendant below to seek damages for the violation of the contract, and in the case of *Nation v. Bank,* 29 Okla. 822, 119 Pac. 978, this court held:

"Under our Code, any cause of action arising on contract, whether for a liquidated or unliquidated demand, may constitute a set-off and be pleaded as such in any action founded upon contract. * * * And it appears to be settled that whenever one party commits a tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply a contract on the part of the wrongdoer to pay to the party injured the damages which would be due thereunder. * * * And a cause of action founded upon such an implied contract may be pleaded in set-off as well as if the same were expressed. [See authorities cited there.]

"At common law, where the form made clear the character of action brought, whether on tort or contract, it was not difficult to determine whether in conversion the pleader relied upon the damages for a breach of the implied contract or sued on account of the wrong committed. Under the reformed procedure, however, this is not always so easy of determination, for in the statement of all causes of action the facts constituting the same are pleaded. * * * The principal difference would arise when the measure of damages was applied. * * * While the measure of damages for a breach of an obligation arising from contract is the amount which will compensate the party aggrieved for all the detriment proximately caused

thereby, or which in the ordinary course of things would likely result therefrom. * * * And in such cases if the cause of action as set forth is doubtful or ambiguous as to whether the allegations set out present an action in contract or tort, every intendment will be given to construe the cause as in contract and not in tort. See 4 Ency. Pl. & Pr. 754, and *Smith v. McCarthy,* 39 Kan. 308 [18 Pac. 204]. And in order to determine the question of whether the action sounds in tort or contract, the measure of damages, the demand for judgment, and prayer may be consulted with a view of ascertaining and making the same certain. See 4 Ency. Pl. & Pr. 754, and authorities cited under note 1."

With these rules in mind, we therefore observe that the answer in this case sought to recover damages for the violation of a contract, and under the authority of this court in *Standard Sewing Machine Co. v. New State Shirt & Overall Co.,* 42 Okla. 557, 141 Pac. 1111, we do not think there is any doubt but that this claim for damages was assignable by Davis to the plaintiff in error. See authorities cited in this case at page 557 of 42 Okla., 141 Pac. 1111.

Having reached the conclusion that the claim of Davis against the defendant was an assignable claim, and inasmuch as the answer alleges that the same was assigned by Davis to the plaintiff in error before the institution of the suit upon the notes involved in this action, it follows that the answer stated a defense, and that the trial court committed an error in sustaining the demurrer thereto and refusing to permit the plaintiff in error to make his defense. It is therefore recommended that this cause be reversed and remanded for a new trial.

By the Court: It is so ordered.