FARMERS' & MERCHANTS' NAT. BANK
OF HOBART v. HUCKABY.

No. 10485—Opinion Filed May 1, 1923.

(Syllabus.)

1. **Set-Off and Counterclaim—Claim Under Implied Contract.**

A cause of action founded upon an implied contract may be the subject of set-off.

2. **Same—Waiver of Tort.**

Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer. And when the injured party elects to waive the tort, his cause of action may be used as a set-off.

3. **Same — Pleading — Erroneous Judgment on Answer and Statement.**

Record examined, and held it was error for the trial court to direct a verdict for the plaintiff upon the answer and statement of the defendant.

Appeal from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by G. W. Huckaby against the Farmers' & Merchants' National Bank of Hobart to collect deposit. Judgment for plaintiff and defendant brings error. Reversed, and remanded, with instructions.

Geo. L. Zink, for plaintiff in error.

T. W. Conner and Rummons & Hughes, for defendant in error.

McNEILL, J. G. W. Huckaby commenced this action in the county court of Kiowa county against the Farmers' National Bank of Hobart to collect the sum of $862.39, being the amount plaintiff had on deposit in defendant's bank. The defendant bank answered, admitting plaintiff had deposited the sum alleged, but as a set-off alleged the plaintiff was indebted to the bank in a sum more than the amount on deposit for money had and received, and the bank had applied the deposit upon this indebtedness and had notified plaintiff of said fact, and alleged there was still due and owing from the plaintiff to the bank the sum of $173.64. To this answer the plaintiff filed a motion to make the answer more definite and certain, and that defendant be required to set out the facts concerning the indebtedness from the plaintiff to the bank. The motion to make more definite and certain was never passed upon by the court, but was waived by the plaintiff. The plaintiff filed a reply, denying that he was indebted to the defendant bank,

and further pleaded that the money deposited was the proceeds from a policy of insurance upon exempt property, and therefore the money was exempt. The defendant requested permission of the court to file a surreply to the reply of defendant, denying the allegations of the reply, which request was denied by the court.

The parties announced ready for trial, and a jury was selected. The attorney for defendant made his opening statement, and detailed the facts relied upon to prove the plaintiff was indebted to the bank for money had and received, by reason of a conspiracy entered into between Huckaby and a man named Reily to defraud the bank, whereby Reily obtained over $1,000 from said bank and the same was divided between Reily and Huckaby. The statement was quite lengthy and detailed all the facts relating to said conspiracy, and the manner the money was obtained from the bank. At the close of said statement, plaintiff requested the court to render judgment upon said pleadings and statement, which motion was sustained.

The question involved is whether the court erred in sustaining the motion for judgment on the pleadings and the opening statement of the defendant. The plaintiff in error contends its set-off was founded upon a tort, and it elected to waive the tort, and sought a recovery for money had and received. The defendant in error contends the set-off was founded upon a tort, and cannot be the basis of a set-off. Section 4747, Rev. Laws 1910, defines a set-off in the following language:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

The Supreme Court of Kansas, in construing a statute identical with the above in the case of Fanson v. Linsey, 20 Kan. 235, stated in the first and second paragraphs of the syllabus as follows:

"Set-Off: Implied Contract. A cause of action founded upon an implied contract may be the subject of set-off." "* * * When Tort may be Waived; Benefit to Wrongdoer. Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer. And when the injured party elects to waive the tort, his cause of action may be used as a set-off."

This case was cited with approval by the Supreme Court of Kansas in the following

cases: Challiss v. Wylie, 35 Kan. 506, 11 Pac. 438; Smith v. McCarty, 39 Kan. 308; 18 Pac. 204; and Atchison, T. & S. F. R. Co. v. Phelps, 4 Kan. App. 139, 46 Pac. 183.

By applying the principle, to-wit: When one person commits a wrong against the estate of another with the intention of benefiting his own estate, the law will at the ·ection of the party injured imply or presume a contract on the part of the wrongoer to. pay to the party injured the full value of all benefits resulting to said wrongdoer. The opening statement of counsel detailed the wrong the plaintiff had committed against the defendant, with the intention to benefit his own estate, and the amount his estate was benefited. By applying the principle of law above announced to the facts stated and alleged, the same was a proper subject for a set-off.

It is contended, however, that the cross-petition and statements of counsel were not sufficient to disclose that defendant was waiving the tort. With this we cannot agree. This court in the case of Stringer v. Kessler, 56 Okla. 50, 155 Pac. 867, in the third paragraph of the syllabus stated as follows:

"To determine whether a claim for damages is based upon contract or tort, it is proper to examine the pleadings and ascertain from the allegations and prayer thereof the relief sought, and every doubt will be resolved in favor of the contract and against the tort."

By applying the above principle of law to the answer of the defendant and the opening statement of facts, the same stated a set-off for at least a part of the money claimed due.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions to grant defendant a new trial.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.